### KIESELSTEIN v. SHOEBEL.

(Supreme Court, Appellate Term.   June 5, 1908.)

1. ASSIGNMENTS—NOTICE OF ASSIGNMENT—PAYMENT OF CLAIM AFTER NOTICE—LIABILITY OF DEBTOR.

   A debtor who pays the original creditor after due notice of the assignment of the claim to another makes such payment at his peril.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 159.]

2. PARTNERSHIP—ASSIGNMENT OF ACCOUNT DUE FIRM—POWER OF SINGLE PARTNER.

   A single partner may make an assignment of an account due the firm.

3. ASSIGNMENTS—ACTION—EVIDENCE—SUFFICIENCY.

   In an action on an assigned claim, evidence examined, and held so confused, meager, and indefinite as to make it almost impossible to determine the real circumstances surrounding the making of the assignment and the payment of the amount of the assigned claim by the defendant to the original creditor, and hence to require a new trial in the interest of justice.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sol Kieselstein against Charles Shoebel on an assigned claim. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Gilbert D. Steiner, for appellant.

Walter B. Allen (Shelton E. Martin,. of counsel), for respondent.

PER CURIAM. Between September 27, 1907, and November 5, 1907, the firm of Ahrens & Slimer, doing business as the New York Shirt Company, sold and delivered to defendant goods of the value and at the agreed price of $52.90. On the 11th day of December, 1907, the New York Shirt Company made an assignment in writing of this claim to the plaintiff. The said assignment was signed, on behalf of the said New York Shirt Company, by said Ahrens only. Thereafter, but on the same day, the said New York Shirt Company, by said Ahrens, wrote, and sent by registered mail, a notice to the defendant of such assignment, and at the same time a demand for payment was sent to defendant on behalf of the plaintiff as such assignee of the claim. Both of these notices were received by the defendant on December 12, 1907. Some time in December, but whether before or after December 12th seems somewhat in doubt, a check, dated December 18, 1907 (but which date the defendant claims was subsequent to the date of the actual making and delivery of the check), for $52.90, payable to the New York Shirt Company, was made by defendant and delivered to Jerome Eisner, a lawyer. This check was thereupon indorsed, "New York Shirt Company, by Julius Slimer," and underneath this indorsement appears also the name of "Jerome Eisner" as second indorser. This check was duly paid through the clearing house on December 18, 1907. It will be remembered that Slimer did not join in the assignment to plaintiff of the claim in suit, or in the notice of such assignment which was sent to defendant on December 11th. The other partner, Ahrens, who alone signed said assignment and notice on behalf of the New York Shirt Company, is asked the following question:

"Q. Did you ever receive any payment of the goods, upon which this·action is brought, from Mr. Shoebel, defendant? A. I did not."

The defendant, whose whole testimony is confused and indefinite, testifies that he received a letter from said Jerome Eisner demanding payment of the claim as assignee of the same, and, being beset, apparently, by two assignees, the defendant made out his check to the original creditor, and delivered it to said Eisner, in payment of the claim. The details as to Eisner's title are not given. Did the other partner, Slimer, also on behalf of the New York Shirt Company, make an assignment of the claim in suit to Eisner at, or before, or after, the other assignment by Ahrens to plaintiff? Ahrens and Slimer were copartners, and either might execute an assignment of the claim. The rule of law is that a debtor who pays the

original creditor after due notice of the assignment of the claim to another makes such payment at his peril; but the evidence here is so confused, meager and indefinite, and generally so unsatisfactory, that it is almost impossible to determine the real circumstances of the case. We think, therefore, in the interests of justice, another trial should be granted, when more light can be thrown upon the situation.

Judgment reversed, and new trial ordered, with costs to abide the event.